# APPEAL OF KATIE LENARE ET AL.

## [GABEL v. LENARE.]

FROM THE DECREE OF THE COURT OF COMMON PLEAS OF ERIE COUNTY.

Argued April 30, 1889—Decided May 13, 1889.

Where, on a rule to open a judgment entered by confession upon a mortgage bond executed by a married woman, it appeared that both the bond and mortgage showed that they were given for purchase money, and the testimony as to the averment of fraud in the procurement of them was conflicting, the discharge of the rule and refusal to open the judgment was not an improper exercise of the discretion vested in the court below.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 107 January Term 1889, Sup. Ct.; court below, No. 219 November Term 1887, C. P.

On November 30, 1888, a judgment was entered in favor of Susanna Gabel against Hugo F. Lenare and Katie Lenare, upon a mortgage bond and warrant of attorney for $5,185, dated September 27, 1886, and payable in ten equal annual payments of $518.50 each. The mortgage and bond both contained a description of the same property and also the following clause: "This bond [or mortgage] is given to secure the balance of purchase money." On the said judgment a writ of fieri facias was issued to No. 44 February Term 1888, E. D.

On January 30, 1888, Katie Lenare filed the following affidavit and motion:

"Katie Lenare, being duly sworn, doth depose and say that she is a married woman, the wife of Hugo F. Lenare, and was his wife on the 27th day of September, A. D. 1886, and that her husband was then and is now in full life; that some time in August, 1886, Jacob Gabel, the husband of the plaintiff, came to deponent and induced her to enter into negotiations with M. E. I. Biddle, through her agent, Wm. P. Hayes, of Erie, for the purchase of a piece of land 24 feet by 100 feet, part of square No. 407 in the city of Erie; that the title of said land should be made to Susanna Gabel, the wife of said Jacob Gabel, and that your deponent should have possession of the same, paying the interest on the principal, $2,400, annually, and the principal, $2,400, to be paid at the end of ten years.

"That within a short time thereafter, said Jacob Gabel informed your deponent that the negotiations had been closed and a deed had been made to Mrs. Gabel for the land for $5,000, and that this deponent was to go upon the same and erect a building thereon, said Gabel to furnish her from time to time such money as might be required to complete said building, and for which he was to have in such house a room allotted to his use for his natural life at such time as he might require possession thereof, and whatever amount of money was advanced by said Jacob Gabel to this deponent, was at no time to be repaid by her.

Statement of Facts.

"That on or about the 27th day of September, 1886, Jacob Gabel came to the deponent's house with Wm. P. Hayes, Esq., a notary public, and had a bond and mortgage made out in the sum of $5,185, which said Hayes read to this deponent and which she refused to execute; that Jacob Gabel then and there requested a private interview with her, which she granted him, and he then informed her that all bonds and mortgages were made out in double the amounts for which the party was intended to be held or which the party or person would have to pay, and stated to her that she would not be called upon to pay at any time to exceed the interest of $2,400 for ten years, at the end of which time she was to pay $2,400, which was to cancel the bond and mortgage in full, and informed her that, no matter what was set forth in the papers, she would not be bound or held to any other contract, agreement or obligation other than the one then and there made by her, to wit: the payment of $2,400 at the end of ten years, and the interest thereon to be paid annually and no more. This deponent, relying upon his representations and statements, then agreed to sign and execute the papers which she had refused to sign and execute, and which she would not have signed and executed, except on the express representations as made to her by said Jacob Gabel, that the papers could not at any time bind or affect her to exceed $2,400 and the interest.

"That she at no time agreed to pay and at no time purchased the said piece of land at anything to exceed $2,400, that being the price for which the land was offered for sale by M. E. I. Biddle; and for which a deed was made by her to Susanna Gabel on the 2d day of August, 1886. That through the fraudulent representations and statements made by said Gabel, she was induced to sign, execute and deliver said bond and mortgage, said mortgage being recorded in book 4, page 531; and that Susanna Gabel, the plaintiff, notwithstanding," etc.

"Your deponent therefore prays the court that the said fieri facias may be stayed; that said judgment may be opened and she be let into a defence."

To a rule granted upon the foregoing motion, Susanna Gabel filed an answer, denying in detail the allegations of the petitioner and averring: "That the entire amount called for by the bond and mortgage is in fact owing by her, Katie Lenare,

as provided in said bond and mortgage and is made up of the purchase money agreed to be paid by her for said lot and house upon said lot; and that it is not true that $2,400 is the only sum due to deponent as alleged by Mrs. Katie Lenare; that the bond and mortgage are the property of your deponent and not of Jacob Gabel."

Depositions were taken on behalf of both plaintiff and defendants; the plaintiff, her husband, Jacob Gabel and their adopted daughter all testifying to facts which supported the allegations in the above answer, while the petitioner, and her two children testified to facts substantially as set forth in the petition. William P. Hayes, the notary who took the acknowledgment of the mortgage securing the bond, testified that he read the mortgage over carefully to Mrs. Lenare; that she made no objection to signing it, and the bond and mortgage were both executed in his presence; that he did not recollect any private conversation held that day between Mrs. Lenare and Jacob Gabel; that if they had conversed in German he would not have understood what they said, but that he did not recollect their having talked together in German. It also appeared that the consideration in the deed from Susanna Gabel to Katie Lenare as recorded was $5,185.

On October 29, 1888, the court, GUNNISON, P. J., discharged the rule without filing an opinion. Thereupon the defendants took this appeal, assigning as error the order of the court discharging the rule and refusing to open the judgment.

*Mr. George A. Allen* (with him *Mr. Louis Rosenzweig*), for the appellants.

*Mr. S. A. Davenport* (with him *Mr. H. Curtze* and *Mr. Griffith*), for the appellee.

PER CURIAM:

This was an appeal from the refusal of the court below to open a judgment entered upon a warrant of attorney. A careful examination of the case fails to disclose any sufficient reason why we should interfere with the discretion of the court below. The bond in question was accompanied by what pur-

ports to be a purchase money mortgage. The case is altogether peculiar, yet we find nothing in it to overcome the prima facie case created by the execution and delivery of the bond and mortgage.

The order is affirmed and the appeal dismissed at the costs of the appellants.